# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10772
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TED LYNN SNIDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-222-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Ted Lynn Snider was found guilty of two counts of transporting and shipping child pornography, one count of receipt of child pornography, and one count of possession of child pornography. He was sentenced to a below-guidelines aggregate sentence of 336 months of imprisonment. On appeal, Snider challenges the sufficiency of the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10772

and argues that the district court violated Rule 32 of the Federal Rules of Criminal Procedure.

Snider contends that the evidence was insufficient to support his convictions because he was convicted solely on his uncorroborated confessions. Although he moved for a judgment of acquittal at the close of the Government's case-in-chief and renewed the motion at the close of his case, Snider failed to renew the motion after the Government presented its rebuttal witness, and he did not file a post-verdict motion. Therefore, this court reviews the instant sufficiency challenge only for a manifest miscarriage of justice. *See United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008). A manifest miscarriage of justice is found when the defendant shows "either that the record is devoid of evidence of guilt or that the evidence is so tenuous that the conviction is shocking." *Id.* (internal quotation marks and citation omitted).

The Supreme Court ruled years ago that "an accused may not be convicted on his own uncorroborated confession." *Smith v. United States*, 348 U.S. 147, 152 (1954). The Government must introduce independent evidence which would tend to establish the trustworthiness of the confession. *Id.* at 156; *see also United States v. Deville*, 278 F.3d 500, 507 (5th Cir. 2002).

The record shows that there was sufficient evidence to corroborate Snider's confessions and to support Snider's convictions. In particular, the trial testimony established the following: Snider was Gigatribe's user nething2cum2; images and videos of child pornography were download from Snider's Gigatribe account; Snider sent Gigatribe user lez_lindsey18 images and videos of child pornography; Snider received several child pornography images from Gigatribe user midniteowl; and a forensic examination of Snider's laptop and hard drives revealed numerous images and videos of child pornography. Snider has not shown a manifest miscarriage of justice. *See*

*Smith*, 348 U.S. at 152, 156; *Deville*, 278 F.3d at 507.  Additionally, to the extent that Snider challenges the credibility of the law enforcement officers' testimony, "the weight and credibility of the evidence is within the exclusive province of the jury." *See United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004).  Furthermore, the truthfulness of Snider's confessions is a credibility determination for the jury.  *See United States v. Sterling*, 555 F.3d 452, 456 (5th Cir. 2009).

Snider also argues that the district court did not comply with Rule 32 of the Federal Rules of Criminal Procedure by failing to make specific findings with regard to the enhancements to his sentence.  Because Snider did not make this objection in the district court, review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

When a portion of the PSR is disputed or there is any other controverted matter, Rule 32(i)(3)(B) requires the district court, "[a]t sentencing," to "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  However, this court has "rejected the proposition that a court must make a catechismic regurgitation of each fact determined." *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994) (internal quotation marks and citation omitted).  Instead, a district court may "make implicit findings by adopting the PSR." *Id.*  Such an adoption will satisfy Rule 32 "when the findings in the PSR are so clear that the reviewing court is not left to

second-guess the basis for the sentencing decision." *Id.* (internal quotation marks and citation omitted).

At Snider's sentencing hearing, the district court acknowledged Snider's objections to the PSR and permitted the parties to present arguments and proffer evidence. The court also overruled Snider's objections and adopted the PSR and the Addendum to the PSR. Because the foundation for the findings in the PSR is clearly apparent, this court is "not left to second guess the basis of the sentencing decision," and the district court's adoption of the PSR and Addendum to the PSR satisfies the mandates of Rule 32. *Id.* Accordingly, Snider has not shown that the district court plainly erred.

AFFIRMED.